IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, Maryland 21201 | ) ) ) ) ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) ) | |
| RINNIER DEVELOPMENT COMPANY,<br>218 East Main St.<br>Salisbury, MD 21801 | ) ) ) ) | **COMPLAINT AND JURY TRIAL DEMAND** |
| RINNIER MANAGEMENT, LLC,<br>218 East Main St.<br>Salisbury, MD 21801 | ) ) ) ) | |
| PARKSIDE ASSOCIATES, LLC,<br>826 Schumake Drive, Apt. 101<br>Salisbury, MD 21804 | ) ) ) ) | |
| Defendants. | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief due to employees as a result of such unlawful practices. The Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendants Rinnier Development Company, Rinnier Management, LLC, and Parkside Associates, LLC ("Defendants" or "Rinnier") unlawfully discriminated against Charging Party Shannon Payton on the basis of her race by denying her a promotion and by engaging in unlawful compensation discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4. At all relevant times, Defendant Rinnier Development Company has continuously been a Maryland corporation doing business in the State of Maryland and in Wicomico County.

5. At all relevant times, Defendant Rinnier Management, LLC has continuously been a Maryland limited liability corporation doing business in the State of Maryland and in Wicomico County.

6. At all relevant times, Defendant Parkside Associates, LLC has continuously been a Maryland limited liability corporation doing business in the State of Maryland and in Wicomico County, and has continuously had at least 15 employees.

7. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII,

42 U.S.C. §§ 2000e(b), (g) and (h).

8. Since at least April 2010, Rinnier Development Company, Rinnier Management, LLC, and Parkside Associates, LLC have operated as an integrated enterprise and have maintained interrelated operations, common management, centralized control of labor relations, and common ownership and financial control.

9. Rinnier Development Company is a commercial and residential real estate company. Rinnier Management, LLC, manages six housing communities with residential leases. Parkside Associates, LLC is the entity through which the employees involved in residential leases are paid.

10. Rinnier Development Company and Rinnier Management, LLC are located at the same address. Upon information and belief, Lisa Rinnier is the COO of Rinnier Development Company. Lisa Rinnier also supervises the Senior Community Manager for Rinnier Management, LLC, who supervises employees of Parkside Associates, LLC. Lisa Rinnier and the Senior Community Manager make promotion and salary decisions for employees of Parkside Associates, LLC. All employees share a common rinnier.com e-mail address. Jobs for Parkside Associates, LLC employees are advertised on Rinnier Development Company's website and are on Rinnier Management, LLC letterhead.

11. When she was hired, Payton's offer letter was on Rinnier Management letterhead, signed by the Senior Community Manager for Rinnier Management, LLC and stated, "We think you would be a great addition to our team at Rinnier Management." Payton also sent and received memoranda on Rinnier Management letterhead. Payton's termination and insurance paperwork also indicated Rinnier Development Company was her employer, and her

new hire paperwork and employee handbook were from Parkside Associates, LLC.

## STATEMENT OF TITLE VII CLAIMS

12. More than thirty days prior to the institution of this lawsuit, Shannon Payton, an African American female, filed a charge of discrimination with the Commission alleging violations of Title VII by Parkside Associates, LLC, which is part of the integrated enterprise with Rinnier Development Company and Rinnier Management, LLC. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since at least October 2010, Defendants have engaged in unlawful employment practices, in violation of Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3), by paying Payton, who was performing the job of Community Manager, lower wages than those paid to white Community Managers for performing equal work and by failing to promote Payton to the position of Community Manager while promoting similarly situated white Assistant Community Managers.

14. On April 26, 2010, Defendants hired Payton as an Assistant Community Manager. Payton's salary was $11.54/hour with eligibility for bonuses. Defendants assigned Payton to work at Arden's Run, one of six housing communities Defendants manage.

15. In October 2010, Defendants terminated the Community Manager at Arden's Run, who they had paid $15.39/hour. Payton assumed his duties, at the same compensation she was making as an Assistant Community Manager. On November 2, 2010, Payton expressed an interest in being promoted to Community Manager. Defendants did not promote Payton.

16. On May 19, 2011, Payton was still performing the duties of the Community Manager, and requested a salary increase to reflect her additional duties. Defendants denied her

request.

17.  On June 13, 2011, Defendants hired a white female as the Arden's Run Community Manager at a salary of $13.47/hour.

18.  On May 3, 2011, Defendants promoted a white Assistant Community Manager for a different housing community to the position of Community Manager. The white Assistant Community Manager had worked for Defendants for just two months at the time of her promotion.

19.  Defendants have promoted at least five white Assistant Community Managers to a Community Manager position. Defendants have never promoted an African American Assistant Community Manager to the position of Community Manager.

20.  In September, 2011, Payton returned from maternity leave. Defendants reassigned her to a different housing community, Parkside Apartments, to be the Community Manager on a probationary basis. Defendants had paid the white Community Manager Payton replaced $15.39/hour. Once again, Defendants did not increase Payton's salary or change her title while she performed the Community Manager position. Defendants informed her she would be evaluated at 30 and 60 days for a promotion. Defendants never gave Payton a 30 day evaluation.

21.  On November 11, 2011, Payton resigned.

22.  On December 12, 2011, Defendants hired a white Community Manager for Parkside Apartments and paid her $15.39/hour.

23.  The effect of the practices complained of in paragraphs 12-22 above has been to deprive Payton of equal employment opportunities and otherwise adversely affect her status as

an employee because of her race.

24. The unlawful employment practices complained of in paragraphs 12-22 above were intentional.

25. The unlawful employment practices complained of in paragraphs 12-22 above were done with malice or with reckless indifference to the federally protected rights of Payton.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from discriminating against African Americans with respect to their compensation and promotions.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans and that eradicate the effects of their past and present unlawful employment practices;

C. Order Defendants to make whole Shannon Payton by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendants to make whole Shannon Payton by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 12-22 above, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

E. Order Defendants to make whole Shannon Payton by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in

6

paragraphs 12-22 above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

    F.    Order Defendants to pay Shannon Payton punitive damages for its malicious and reckless conduct, as described in paragraphs 12-22 above, in an amount to be determined at trial;

    G.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    H.    Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Debra M. Lawrence*
DEBRA M. LAWRENCE
Philadelphia District Regional Attorney

*/s/ Maria Salacuse*
MARIA SALACUSE (Bar No. 15562)
Supervisory Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2733 (phone)
(410) 209-2221 (fax)
maria.salacuse@eeoc.gov