IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) RINNIER DEVELOPMENT COMPANY, ) RINNIER MANAGEMENT, LLC, ) PARKSIDE ASSOCIATES, LLC, ) ) Defendants. ) ) | CASE NO. 1:14-cv-03076-JFM |

## CONSENT DECREE

This Action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), against Rinnier Development Company, Rinnier Management, LLC, and Parkside Associates, LLC (collectively "Defendants"), alleging violations of Sections 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission alleged that Defendants subjected former employee Shannon Payton ("Payton") to unequal compensation and failed to promote her because of her race (African-American). In their Answer, Defendants have denied any violations of Title VII.

The Commission and Defendants desire to resolve this action without the time and expense of continued litigation and they desire to formulate a plan, to be embodied in a Consent Decree ("Decree"), that will resolve the Commission's claims and promote

1

2906612.2

and effectuate the purposes of Title VII. This Decree does not constitute an admission of wrongdoing by Defendants or an adjudication on the merits of the Commission's case. Nor shall this Decree be construed as a waiver by the Commission of any contentions of discrimination. The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and with Title VII. Therefore, upon due consideration of the record herein,

**It is ORDERED, ADJUDGED AND DECREED:**

1. This Decree resolves all claims alleged in the Complaint filed by the Commission in this Title VII action, which emanated from the Charge of Discrimination filed by Shannon Payton, EEOC Charge No. 846-2012-00980.

2. This Decree shall be in effect for a period of 18 months from the date it is entered by the Court.

## NON-DISCRIMINATION

3. Defendants and their officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with any of them are hereby enjoined from violating Title VII, and shall not discriminate or take adverse employment actions against individuals on the basis of race.

4. Defendants shall not retaliate, coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of any right granted and protected by Title VII.

## MONETARY RELIEF

5. In full settlement of damages alleged by the Commission in this case, Defendants will pay Ms. Payton $25,000 within ten (10) days from the date of entry of

2

2906612.2

the Decree. This figure represents $8,100 in lost wages and monetary employment benefits with interest ("backpay"), and $16,900 in damages alleged pursuant to 42 U.S.C. § 1981a.

6.  Defendants shall send a check directly to Ms. Payton, by certified mail or express delivery service, at an address provided by the Commission. Within three (3) days of such payment, Defendants shall send a photocopy of the check, along with a photocopy of the certified mail receipt or other documentation of delivery, to the Commission's counsel of record at the Philadelphia District Office.

7.  Defendants shall issue to Ms. Payton an IRS Form W-2 for the monetary amount constituting backpay and an IRS Form 1099 for the monetary relief constituting damages alleged pursuant to 42 U.S.C. § 1981a. Defendant bears no liability for the portion of monetary relief constituting damages alleged pursuant to 42 U.S.C. § 1981a.

### TRAINING

8.  Within sixty (60) days from the date of entry of the Decree, Defendants shall provide four (4) hours of training for all management personnel, officers, and all persons making decisions concerning compensation and promotion. For the duration of this Decree, Defendants shall provide the same training to newly hired or appointed management personnel, officers, and all persons making decisions concerning compensation and promotion.

9.  The training, as described in paragraph 8, will promote Defendants' rights and obligations under the federal equal employment laws, with an emphasis on Defendants' obligations under Title VII not to discriminate against any individual on the basis of race.

10. The training shall be led by an external EEO consultant or law firm, previously agreed to by the parties. Within seven (7) days of completion of each component of the training, Defendants shall provide certification to the Commission's counsel of record that such training has occurred. This certification shall include the dates, times, locations of the training, and signed attendance list which lists the names and job titles of all attendees.

## POSTING

11. Within seven (7) days after entry of the Consent Decree, Defendants shall post immediately, in all places where notices to employees customarily are posted in each of their Salisbury, Maryland facilities, the Notice attached hereto as Exhibit A and made a part hereof. Said Notice shall be posted and maintained for the life of the Consent Decree and shall be signed by Lisa Rinnier, COO of Rinnier Development Company, with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendants shall ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within ten (10) days of completion of the required posting, Defendants shall forward to the Commission's counsel of record a copy of the signed Notice attached hereto, written certification that the Notice referenced herein has been posted as required, and a statement of the locations and date(s) of posting.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

12. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree including, but not limited to, monetary sanctions and injunctive relief.

4

2906612.2

13. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify Defendants, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendants shall have fifteen (15) days to either correct the alleged non-compliance, and so inform the Commission, or deny the alleged non-compliance in writing.

    A. If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

    B. Each party shall bear its own costs, expenses and attorneys' fees incurred in connection with such action; and

    C. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Maryland, Baltimore Division.

## REPORTING REQUIREMENTS

14. Commencing six months after the entry of this Decree by the Court, and continuing for each six months interval within the life of the Decree, Defendants shall provide written reports to the Commission identifying all complaints of race discrimination for the preceding six month period. Each report shall identify all persons who complained to Defendants of race discrimination during the reporting period, any witnesses to such alleged matters, and any persons allegedly involved in the reported discriminatory employment decisions and/or conduct. Specifically, such identification shall include:

    A. the date of the complaint;

    B. the nature of the complaint;

C. the name, address, telephone number(s), and job title of each person who made the complaint;

D. the name, address, telephone number(s), and job title of each person who was alleged to have engaged in discriminatory conduct;

E. a detailed description of all action taken in response to each complaint.

15. Each report required by paragraph 14 shall include certification by Defendants that the Notice required to be posted pursuant to this Decree remained posted during the entire period required.

## MISCELLANEOUS

16. The Commission and Defendants shall bear their own costs and attorneys' fees.

17. If any provision(s) of this Consent Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

18. The terms of the Consent Decree are and shall be binding upon (a) all Defendants; (b) all present and future parents of all Defendants; (c) all present and future subsidiaries of all Defendants; and (d) all present and future owners, officers, directors, employees, agents, trustees, administrators, successors, representatives, or assigns of all Defendants.

19. This Consent Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and

memorialized in a separate writing signed by Defendants and the Commission and approved by the Court.

20.   When this Consent Decree requires the submission of any documents to the Commission, if not otherwise indicated in the Decree or Attachments, they shall be mailed by certified mail to the Commission's counsel of record.

**REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK**

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

FOR PLAINTIFF

_____
DEBRA M. LAWRENCE, Bar No. 04312
Regional Attorney

_____
MARIA LUISA MOROCCO, Bar No. 24357
Supervisory Trial Attorney

_____
KEYANA C. LAWS
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
Phone: (215) 440-2642
Fax: (215) 440-2848
Keyana.Laws@eeoc.gov

FOR DEFENDANTS
RINNIER DEVELOPMENT COMPANY
RINNIER MANAGEMENT, LLC
PARKSIDE ASSOCIATES, LLC

_____
Jerald J. Oppel, Bar No. 00652
Ober, Kaler, Grimes & Shriver
100 Light Street
Baltimore, Maryland 21202
Phone: (410) 347-7338
Fax: (410) 263-7599

**IT IS SO ORDERED:**

Signed and entered this ___17___ day of ___Apr___, 2015.

_____
J. Frederick Motz, United States District Judge
United States District Court for the District of Maryland

BY_____ DEPUTY
CLERK'S OFFICE
AT BALTIMORE
2015 APR 17 AM 11:48
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
FILED

8

EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted pursuant to a federal court order voluntarily resolving a lawsuit brought by the United States Equal Employment Opportunity Commission (EEOC) against Rinnier Development Company, Rinnier Management, LLC and Parkside Associates, LLC (Rinnier Companies). In that lawsuit called EEOC v. Rinnier Development Co., *et al*, Case No. 1:14-cv-03076, the EEOC alleged that the Rinnier Companies violated Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e, *et seq*.

Title VII prohibits discrimination against employees and applicants on the basis of race. Title VII also prohibits an employer from retaliating, coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of any right granted and protected by Title VII. The EEOC is a federal agency which investigates charges of unlawful employment discrimination and brings lawsuits in federal court to enforce Title VII.

If you believe you have been discriminated against, you may contact the Commission at (800) 669-4000 or TTY (800) 669-6820. This Notice must remain posted for 18 months from the date below and must not be altered, defaced, or covered by any other material.

Dated: _____       _____
                                             Lisa Rinnier, COO
                                             Rinnier Development Company
                                             Rinnier Management, LLC
                                             Parkside Associates, LLC